1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER W. EDWARDS,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:14-cv-05338-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

        Plaintiff has brought this matter for judicial review of defendant's denial of her

application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of

Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard

by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining

record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny

benefits should be reversed and this matter should be remanded for further administrative

proceedings.

                        FACTUAL AND PROCEDURAL HISTORY

        On June 22, 2011, plaintiff filed an application for disability insurance benefits, alleging

disability as of June 15, 2009. See ECF #10, Administrative Record ("AR") 17. That application

was denied upon initial administrative review on August 19, 2011, and on reconsideration on

ORDER - 1

December 7, 2011. See id. A hearing was held before an administrative law judge ("ALJ") on October 15, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 34-71.

In a decision dated December 13, 2012, the ALJ determined plaintiff to be not disabled. See AR 17-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 19, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981. On May 5, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on July 11, 2014. See ECF #10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in finding plaintiff's migraine headaches did not medically equal the criteria of any impairment set forth in 20 C.F.R., Part 404, Subpart P, Appendix 1 (the "Listings"); and (2) in not discussing significant probative evidence from plaintiff's treating physician. For the reasons set forth below, the Court agrees the ALJ erred as alleged, and thus in determining plaintiff to be not disabled. The Court finds, therefore, that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

ORDER - 2

Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step of that process, the disability determination is made at that step, and the

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

sequential evaluation process ends. See id. At step three of the disability evaluation process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of the impairments set forth in the Listings. See 20 C.F.R § 404.1520(d); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  If any of the claimant's impairments meet or medically equal a listed impairment, he or she is deemed disabled. Id.

The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. See Tacket, 180 F.3d at 1098.  "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." Id. at 1100 (citing 20 C.F.R. § 404.1526).  A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.  It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." Id.; see also Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2 (determination that is conducted at step three must be made on basis of medical factors alone).  An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2.

An impairment, or combination of impairments, equals a listed impairment "only if the medical findings (defined as a set of symptoms, signs, and laboratory findings) are at least equivalent in severity to the set of medical findings for the listed impairment." Id.; see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990) ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.") (emphasis in original).  However, "symptoms alone" will not justify

ORDER - 4

a finding of equivalence. <u>Id.</u>  The ALJ also "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." <u>Burch v. Barnhart</u>, 400 F.3d 676, 683 (9th Cir. 2005).

The ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments." <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1201 (9th Cir. 1990) (finding ALJ did not err in failing to state what evidence supported conclusion that, or discuss why, claimant's impairments did not meet or exceed Listings).  This is particularly true where, as noted above, the claimant has failed to set forth any reasons as to why the Listing criteria have been met or equaled. <u>Lewis v. Apfel</u>, 236 F.3d 503, 514 (9th Cir. 2001) (finding ALJ's failure to discuss combined effect of claimant's impairments was not error, noting claimant offered no theory as to how, or point to any evidence to show, his impairments combined to equal a listed impairment).

At step three in this case, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of any of the impairments set forth in the Listings. <u>See</u> AR 21. The ALJ further found in relevant part:

> Although there is no specific listing for migraine headaches, I have considered the severity of the claimant's symptoms in relation to each of the body systems including in the listings. There is no evidence that the claimant's symptoms of migraine headaches have been so severe as to medically equal any listed impairment.

AR 22. Plaintiff argues the ALJ erred in failing to indicate whether she specifically considered Listing 11.03 in determining plaintiff's migraine headaches did not medically equal the criteria of any listed impairment. The Court agrees.

Listing 11.03 reads as follows:

> 11.03 Epilepsy--nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all

associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 11.03. As plaintiff notes, the Commissioner's own policy guidelines have noted that Listing 11.03 "is the most closely analogous listed impairment" to migraine headaches, and defendant concedes the Commissioner evaluates migraine headaches under this Listing. POMS DI 24505.015(B)(7)(b), located at https://secure.ssa.gov/poms.nsf/lnx/0424505015[2]; see also ECF #15, p. 4. It is true, as noted above, that an ALJ need not "state why a claimant failed to satisfy every different section of the" Listings. Gonzalez, 914 F.2d at 1201. Here, though, while the ALJ expressly stated she had considered the severity of plaintiff's migraine headaches in relation to the Listings overall, no mention was made of the one Listing most closely analogous to that condition, let alone provide any analysis or comparison of the criteria contained therein. It thus is unclear whether the ALJ properly considered that Listing in finding no medical equivalency.

There also is at least a reasonable possibility that plaintiff's migraines might have been found to be medically equivalent to Listing 11.03 had that Listing been properly considered. As noted above, to meet Listing 11.03 the typical seizure pattern must occur "more frequently than once weekly in spite of at least 3 months of prescribed treatment." 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 11.03. The record contains plaintiff's testimony and reports to medical providers that indicate a pattern of migraine headaches occurring either more than once weekly or sometimes on a daily basis over a significant period of time that could evidence such a frequency, despite plaintiff taking prescribed medications for much longer than three months. See AR 61-62, 243,

---

[2] The POMS, or Program Office Manual System, "does not have the force of law," but is deemed to be "persuasive authority" in the Ninth Circuit. Warre v. Comm'r of Social Sec. Admin., 439 F.3d 1001, 1005 (9th Cir. 2006).

ORDER - 6

286, 421, 440, 444, 452, 456, 460, 464, 472, 476, 480, 670, 696, 758-61. Plaintiff also testified

that her migraines caused significant interference with her ability to carry on her daily activities.

See AR 62-63, 243.

Indeed, plaintiff's condition is not too dissimilar from the claimant described in the

example rationale for finding medical equivalence with Listing 11.03 provided by the POMS:

> A claimant has chronic migraine headaches for which she sees her treating
> doctor on a regular basis. Her symptoms include aura, alteration of awareness,
> and intense headache with throbbing and severe pain. She has nausea and
> photophobia and must lie down in a dark and quiet room for relief. Her
> headaches last anywhere from 4 to 72 hours and occur at least 2 times or more
> weekly. Due to all of her symptoms, she has difficulty performing her ADLs.
> The claimant takes medication as her doctor prescribes. The findings of the
> claimant's impairment are very similar to those of 11.03, Epilepsy, non-
> convulsive. Therefore, 11.03 is the most closely analogous listed impairment.
> Her findings are at least of equal medical significance as those of the most
> closely analogous listed impairment. Therefore, the claimant's impairment
> medically equals listing 11.03.

POMS DI 24505.015(B)(7)(b), located at https://secure.ssa.gov/poms.nsf/lnx/0424505015.

Defendant argues the ALJ's medical equivalence finding was reasonable, because despite

plaintiff's report of chronic daily migraines for the period of 2006 to 2008, she was able to

continue working full time until June 2009, because she stopped working for reasons unrelated to

those headaches, and because there is no evidence in the record that her migraine headaches

worsened subsequent to her alleged onset date of disability.

First, although plaintiff did testify that her pregnancy caused her to miss work toward the

end of her employment in 2009 (see AR 54), she also testified she was missing work due to her

migraine headaches and Crohn's disease (see AR 52). Thus, it is not at all clear that plaintiff lost

her job solely or even primarily due to reasons other than her migraines. Accordingly, even if the

record does not definitively show an overall worsening of her migraine symptoms subsequent to

2009, this fact alone does not establish a lack of medical equivalence during the relevant time

ORDER - 7

period. Second, plaintiff testified that her migraines had increased over the previous two to three years (see AR 61), and there is at least some indication in the medical evidence in the record of worsening symptoms as well (see AR 759 ("Migraines are now continuous. They wax and wane a bit but every day now there is a headache that lasts all day. Associated with photophobia and memory loss/fogginess.").

Defendant argues as well that the ALJ's step three determination was not unreasonable, because for the period subsequent to the alleged onset date of disability plaintiff's migraines did not last for 12 consecutive months. But in order to establish disability under the Social Security Act, it is not necessary for a claimant to show that an impairment "*has* lasted" for 12 consecutive months. 42 U.S.C. § 423(d)(1)(A) (emphasis added); Tackett, 180 F.3d at 1098. Rather, the claimant also can establish disability by showing the impairment "*can be expected* to last" that long. Id. Although defendant focuses on the treatment records for the period between February 2012, and December 2012, when the ALJ issued her decision, both plaintiff's testimony and her reports to medical providers indicate that at the time of the ALJ issued her decision, she had been experiencing ongoing chronic migraine headaches of a nature that certainly could be medically equivalent to the criteria of Listing 11.03 for a period of at least a year. See AR 761 (reporting in mid-February 2012, that chronic daily migraine pattern and several months of continuous ongoing discomfort), 801-02 (reporting in mid-January 2012, having experienced headaches "for about the past two to three weeks").

Indeed, even though she reported some improvement on medication at the time, plaintiff informed medical providers as far back as January 2011, that she was having "daily" to "almost daily" headaches. AR 456, 460, 464, 468, 472, 476, 480, 495r5-, 629-30, 670, 701, 706; see also AR 452 (reporting "constant" headaches as well in December 2010). Up until late August 2011,

ORDER - 8

plaintiff still was reporting getting headaches about the rate of twice a week. See AR 696. Thus, it is far from clear that during the relevant time period plaintiff's migraine headaches had not lasted for a period of at least 12 consecutive months. Even focusing just on the 2012 treatment notes, furthermore, given that plaintiff reported ongoing chronic headaches since at least mid-February, the Court agrees with her that at the time of the ALJ's decision her headaches could reasonably have been expected to last for a period of 12 consecutive months.

Another, independent, reason for finding reversal and remand of the ALJ's step three determination to be appropriate is that as plaintiff points out, the ALJ did not follow defendant's "longstanding policy . . . that the judgment of a physician . . . designated by the Commissioner on the issue of equivalence on the evidence before" the ALJ "must be received into the record as expert opinion evidence and given appropriate weight." SSR 69-6p, 1996 WL 374180, at *3. This requirement exists even though the ALJ "is not bound" by the opinion of a consulting medical source on the issue of medical equivalence, and even though the ALJ is ultimately responsible for resolving that issue. Id. Given that requirement, and the fact that the record does not contain any such opinion evidence, the ALJ clearly erred here.

Lastly, plaintiff argues the ALJ erred in failing to discuss the progress notes of Donald A. Bright, M.D., her treating physician. Defendant counters that the ALJ did consider them by citing to that portion of the record containing Dr. Bright's notes, observing that plaintiff was diagnosed with migraine headaches and that her headache complaints had been "persistently" recorded, and specifically addressing one of Dr. Bright's notes from February 2012. AR 20. But other than that, the ALJ fails to discuss much of the other information contained in Dr. Bright's notes with respect to her step three determination, particularly the reports discussed above that indicate the presence of chronic daily to almost daily migraines and related symptoms indicating

potential medical equivalency with Listing 11.03. Accordingly, this failure on the ALJ's part the

Court also finds to be error. See incent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95

(9th Cir. 1984) (ALJ must explain why "significant probative evidence has been rejected"); see

also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605,

610 (7th Cir. 1984).

The Court may remand this case "either for additional evidence and findings or to award

benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the

proper course, except in rare circumstances, is to remand to the agency for additional

investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations

omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

unable to perform gainful employment in the national economy," that "remand for an immediate

award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further

administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan

v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded

where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
> claimant's] evidence, (2) there are no outstanding issues that must be resolved
> before a determination of disability can be made, and (3) it is clear from the
> record that the ALJ would be required to find the claimant disabled were such
> evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because issues still remain as to whether plaintiff's migraine headaches are medically equivalent

to Listing 11.03, and therefore whether plaintiff is disabled, remand for further consideration of

those issues is warranted.

ORDER - 10

CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 15th day of December, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11